922 So.2d 1088 (2006)
Kynyodda Deonne JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1567.
District Court of Appeal of Florida, Fourth District.
March 22, 2006.
Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Kynyodda Jones appeals the denial of his motion for postconviction relief, decided on the merits after the lower court held an evidentiary hearing. We affirm the denial, but do so because the motion for postconviction relief was untimely filed beyond the two-year period set forth in Florida Rule of Criminal Procedure 3.850(b).
On October 6, 2000, the trial court entered four judgments of conviction and imposed sentences. Jones did not timely *1089 appeal the convictions. Instead, on March 6, 2002, Jones filed a pro se petition for belated appeal, pursuant to Florida Rule of Appellate Procedure 9.141(c). After an evidentiary hearing ordered by this court, the commissioner determined Jones had failed to make an effort to have counsel appointed for an appeal and to timely request the filing of a notice of appeal. We adopted the commissioner's factual findings and denied the petition for belated appeal by order dated September 9, 2002.
On January 29, 2003, Jones delivered the instant, four-issue Rule 3.850 motion to his prison mailroom for filing. On March 28, 2003, the trial court issued an order requiring the State to respond. After receiving a brief extension of time to respond, the State conceded the need for an evidentiary hearing on all grounds. The State did not address whether the initial motion was timely filed. On July 31, 2003, the trial court issued an order granting an evidentiary hearing and appointing the Public Defender to represent Jones during the hearing.
On March 30, 2004, the trial court held an evidentiary hearing and took the testimony of Jones and his trial attorney, Curtis Randolph. Neither party addressed the timeliness of the motion under Florida Rule of Criminal Procedure 3.850(b). However, in the order denying the motion, the court noted Jones raised a fifth issue by supplemental motion "more than two years after the Defendant's judgment and sentence became final." The judge decided, in the "interest of judicial economy" and in the absence of an objection by the State, to rule on the merits of this fifth issue. In a footnote describing the timeliness of the amendment, the judge wrote the following:
The two year period began to run on 11/1/00 when no appeal was filed thirty days after the sentence was imposed. The period was tolled for the period between 3/13/02 when the Defendant filed his petition for belated appeal until 1/9/03 when the appeal from the final order denying belated appeal was dismissed. The two-year period restarted and terminated on or about 9/1/03. The amendment was not filed until 3/10/04.
The trial court denied the motion and Jones timely appealed. We issued an order directing the parties to file supplemental briefs addressing the timeliness of the original motion. We now hold that the original motion for postconviction relief, filed more than two years after the convictions and sentences became final, was untimely and should have been denied as such without reaching the merits.
Florida Rule of Criminal Procedure 3.850(b) describes the time frame during which postconviction relief can be sought. It states that no motion "shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case." Fla. R.Crim. P. 3.850(b). Three exceptions are enumerated, though none apply in the instant case. The rule does not provide any independent or special allowance for "tolling" the time to file such a motion. Thus, any tolling provisions, if applicable, must be found elsewhere.
Florida Rule of Appellate Procedure 9.020(h) describes the types of motions that toll the time for rendition of a final order. The list includes motions for new trial, rehearing, arrest of judgment and to challenge the verdict, correct a sentence pursuant to Rule 3.800(b), and withdraw a plea after sentencing pursuant to Rule 3.170(l). Fla. R.App. P. 9.020(h). When such a motion is timely filed, the final order "shall not be deemed rendered ... until the filing of a signed, written order disposing of all such motions." Fla. R.App. P. 9.020(h)(1). What is important to note is that each of these pleadings *1090 directly challenges the merits of a final order. In this case, Jones argues the filing of a petition for belated appeal similarly tolls the rendition of his judgments of conviction and sentence. Yet, such a petition is not listed under Rule 9.020(h), nor is it similar in nature to those listed. A petition for belated appeal is a collateral proceeding to the criminal case, as it does not challenge directly any specific ruling therein. Instead, it challenges events that occur after the final order is rendered. Generally, collateral proceedings will not toll the time to file a Rule 3.850 motion. See, e.g., Joseph v. State, 835 So.2d 1221, 1222 n. 3 (Fla. 5th DCA 2003) (holding that the time for filing a Rule 3.850 motion "is not tolled by other collateral proceedings filed in the trial court, even if a corrected sentence is entered") (as cited in Pierce v. State, 875 So.2d 726, 727 n. 1 (Fla. 4th DCA 2004)). Jones's comparison to a petition for writ of certiorari filed in the Supreme Court is unpersuasive. While a petition for writ of certiorari tolls the time for filing collateral proceedings, such as Rule 3.850 motions, see Barkett v. State, 728 So.2d 792 (Fla. 1st DCA 1999), and Brooks v. State, 209 So.2d 271 (Fla. 1st DCA 1968), such a petition is wholly different from a petition for belated appeal. A petition for writ of certiorari, like the motions listed in Rule 9.020(h), directly challenges a ruling that precedes the final order; a petition for belated appeal challenges events after the final order has been rendered.
Further, a petition for belated appeal does not remove from the trial court its jurisdiction to entertain motions filed under Rule 3.850. It is well settled that it is the filing of a notice of appeal which divests the lower court of jurisdiction and vests jurisdiction in the appellate court. See Harrell v. State, 197 So.2d 505 (Fla.1967). Because the mere filing of a petition for belated appeal does not vest the appellate court with jurisdiction to review the merits of the final order to be appealed, the trial court maintains jurisdiction to review postconviction motions. Only the granting of such a petition would do so because the order granting the petition acts as a timely filed notice of appeal. See generally Estevez v. Crosby, 858 So.2d 376, 377 (Fla. 4th DCA 2003). Our review of a petition for belated appeal does not reach the merits of the anticipated appeal or the validity of the order to be appealed, but instead reviews the grounds for relieving the petitioner of his or her failure to timely seek such an appeal.
Herein, without a timely notice of appeal or without the granting of a belated appeal, Jones's convictions and sentences became final thirty days after being imposed on November 5, 2000. See Napolitano v. State, 782 So.2d 1012 (Fla. 4th DCA 2001). Thus, Jones had until November 5, 2002 to file a motion for postconviction relief. The mere filing of a petition for belated appeal did not delay the rendition of these orders. Thus, the motion, filed on January 29, 2003, was untimely.
Affirmed.
STONE, GROSS and TAYLOR, JJ., concur.