[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15269

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00524-CV-T-23-MSS

LARRY BROWN,
a.k.a. Larkone Gilbert,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 19, 2008)**

Before BARKETT, FAY and STAPLETON,* Circuit Judges.

_____

* Honorable Walter K. Stapleton, United States Circuit Judge for the Third Circuit Court
of Appeals, sitting by designation.

STAPLETON, Circuit Judge:

Petitioner Larry Brown appeals from an order of the District Court dismissing his habeas corpus petition as barred by the statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We will affirm.

## I.

Larry Brown's convictions for first degree murder, attempted robbery with a firearm, and burglary became final for AEDPA purposes on May 12, 1999, when they were affirmed by Florida's Second District Court of Appeals.

After the direct review process ended, Brown filed a number of motions in state court. One of these filings was Brown's August 19, 2004 motion for DNA testing, which he filed pursuant to Florida Rule of Criminal Procedure 3.853. His motion was denied six months later, on February 24, 2005, because Brown had "failed to specifically provide a description of the physical evidence to be tested and, if known, the present location or last known location of the evidence and how it was originally obtained," and thus had failed to meet the pleading standard imposed by the Rule. (App. Tab 16, at 10-11.) Florida's Second District Court of Appeal affirmed without opinion on December 16, 2005, and after denying Brown's motion for rehearing, that court's mandate issued on January 30, 2006.

2

On March 23, 2006, Brown filed the instant habeas petition, a petition that is time-barred unless his earlier motion for DNA testing tolled AEDPA's one year statute of limitations. The District Court concluded that the motion did not and dismissed the instant habeas petition as untimely. This appeal followed.[1]

## II.

AEDPA tolls its limitations period while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." We turn first to whether Brown's motion for DNA testing was "properly filed," as that phrase is understood in this context. 28 U.S.C. § 2244(d)(1)-(d)(2).

Respondent argues that Brown's motion for DNA testing was not "properly filed" because it was not sufficiently specific and thus facially invalid. Facial invalidity, however, is not determinative of "proper filing." Rather, as the Supreme Court has explained, "an application is properly filed . . . as long as the application meets the 'conditions to filing.'" A petition is thus properly filed as long as it satisfies all the "mechanical rules that are enforceable by clerks . . .

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 2253, and review the District Court's determinations of federal law, including the construction of AEDPA's statute of limitations, *de novo*. *Moore v. Crosby*, 321 F.3d 1377, 1379 (11th Cir. 2003). Relevant factual findings are reviewed for clear error. *Clark v. Crosby*, 335 F.3d 1303, 1307 (11th Cir. 2003).

prescrib[ing], for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Pace v. DiGuglielmo*, 544 U.S. 408, 415 (2005); *Artuz v. Bennett*, 531 U.S. 4, 5 (2000); *see also Allen v. Siebert*, 128 S.Ct. 2, 4-5 (2007). Accordingly, the Supreme Court's precedent on the topic compels us to focus solely on whether Brown's motion for DNA testing complied with all the "mechanical rules that are enforceable by clerks." *Id*.

Because the only deficiency in Brown's motion was its lack of specificity, a finding that all parties agree had to be made by a judge, Brown's motion was not rejected for failure to meet the conditions of filing. As a result, we conclude that Brown's motion for DNA testing was properly filed for AEDPA tolling purposes.

**III.**

We next consider whether Brown's DNA testing motion was an "application for post-conviction or other collateral review with respect to the pertinent judgment," for purposes of the AEDPA tolling statute. 28 U.S.C. § 2244(d)(2). We conclude that it was not such an application.

Brown's motion was filed under Florida Rule of Criminal Procedure 3.853. That Rule "provides procedures for obtaining DNA . . . testing [authorized] under sections 925.11 and 925.12, Florida Statutes." If the movant is successful, those

4

procedures culminate only in "the results of the DNA testing ordered by the court [being] provided in writing to the court, the movant, and the prosecuting authority." Rule 3.853(c)(8); § 925.11(2)(i). Thus, a Rule 3.853 proceeding involves an application for discovery only, pursuant to which the court lacks authority to order relief from the movant's sentence or conviction based on the DNA test results. If the movant believes those results provide a basis for a successful collateral attack on his judgment of conviction, he may then institute a proceeding under Florida's collateral attack rules and only in that manner secure such relief. *See* Rule 3.850 (governing non-capital cases) or Rule 3.851 (governing capital cases).

While a properly filed Rule 3.850 motion seeking to set aside a conviction would undoubtedly toll AEDPA's limitations period during its pendency, it is equally as well-settled that a discovery motion does not. *E.g.*, *Hodge* v. *Greiner*, 269 F.3d 104, 107 (2d Cir. 2001) (a discovery motion does not toll AEDPA because it "d[oes] not challenge [the] conviction," but merely seeks "material that might be of help in developing such a challenge"); *Flanagan* v. *Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) (AEDPA "does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim."). If such motions produce newly

5

discovered exculpatory evidence, AEDPA grants the movant a year from that discovery, subject to tolling while related state collateral attacks are advanced, to challenge their conviction in federal habeas proceedings. *See* 28 U.S.C. § 2244(d)(1)(D).

The issue before us is unlike that presented in situations where the governing state law authorizes the filing of motions seeking DNA testing in the course of a proceeding brought to secure post-conviction review of a criminal judgment. The issue before the Court in *Hutson v. Quarterman*, 508 F.3d 236 (5th Cir. 2007), relied upon most heavily by Brown, arose in just such a situation. The Court explained the law governing the relevant state proceedings as follows:

> Under Texas law, a convicted person may submit to the convicting court a motion requesting DNA testing of evidence containing biological material. . . . After examining the results of the testing, the convicting court shall hold a hearing and make a finding as to whether it is reasonably probable that the person would not have been convicted had the results been available during the trial of the offense. If the convicting court decides that the finding is favorable to the convicted person under article 64.04, the court may release the convicted person on bail "pending the conclusion of court proceedings or proceedings under Section II, Article IV, Texas Constitution, and Article 48.01. Section II of Article IV and Article 48.01 give the governor power to pardon and dictate the procedure for pardoning a convicted person.

*Id.* at 238-39 (footnotes omitted). Not surprisingly, the Court concluded that the state proceeding Hutson had instituted involved an "application for . . . other

6

collateral review with respect to the pertinent judgment" within the meaning of AEDPA's tolling provision. 28 U.S.C. § 2244(d)(1). Florida provides for no comparable review of a criminal judgment in a proceeding brought under Rule 3.853. Accordingly, we find *Hutson* inapposite.

Finally, at oral argument, Brown advanced an alternative theory for tolling, insisting that the AEDPA limitations period was tolled by a Rule 3.850 motion which he filed contemporaneously with his Rule 3.853 motion. If that motion had been a timely one, it would, of course, have tolled that statute during the proceedings on it. It was not timely, however, and the District Court correctly determined that it was not "properly filed" and did not toll. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).[2]

## IV.

The judgment of the District Court will beAFFIRMED.

---

[2]In addition to being untimely, the challenges mounted in Brown's Rule 3.850 motion make no reference to DNA testing or anticipated results from such testing. This forecloses any argument that the Rule 3.850 motion should somehow be regarded as part of the Rule 3.853 proceeding.