CIKLIN, J.
 

 The sole issue raised on appeal is whether the trial court erroneously precluded the appellant, Moisés Espinoza, from attacking the victim’s credibility with previous statements made by the victim during a pre-trial deposition. Because, at trial, defense counsel did not elicit testimony from the victim that was truly inconsistent with the earlier deposition testimony, the proper foundation necessary as to that method of impeachment was not laid. We affirm.
 

 Espinoza was charged with two counts of sexual battery on a child under 12 years of age. At trial, the victim testified about three instances of sexual battery perpetrated by Espinoza, her step-father. Specifically, on direct examination, the victim described in great detail three forced en
 
 *388
 
 counters with one occurring at a beach and two in the family home.
 

 During cross-examination, counsel for Espinoza attempted to impeach the victim with testimony from a pre-trial deposition in which she apparently mentioned a fourth incident. While the victim acknowledged her mention of a fourth encounter during the prior deposition, she could not recall the details of a fourth incident while being cross-examined before the jury. Defense counsel then attempted to read the victim’s deposition testimony pertaining to a fourth incident when the prosecutor objected to the technique as constituting improper impeachment. The trial court sustained the objection and reminded defense counsel that the victim, up until that point, had not provided trial testimony that was inconsistent with the statements she made during the prior deposition.
 

 The jury ultimately reached a verdict finding Espinoza guilty as charged. The trial court sentenced him to two consecutive life sentences.
 

 “Although wide latitude is permitted on cross-examination in a criminal trial, a determination as to the scope of cross-examination lies within the sound discretion of the trial court.”
 
 Eliakim v. State,
 
 884 So.2d 57, 60 (Fla. 4th DCA 2004). “An appellate court reviews decisions on the admissibility of evidence for abuse of discretion as limited by the rules of evidence.”
 
 Ocasio v. State,
 
 994 So.2d 1258, 1261 (Fla. 4th DCA 2008).
 

 Introduction of a prior statement that is inconsistent with a witness’s present testimony is a main method to attack the credibility of a witness. § 90.608(1), Fla. Stat. (2008). The theory of admissibility is not that the prior statement is true and the in-court testimony is false, but that because the witness has not told the truth in one of the statements, the jury should disbelieve both statements. To impeach a witness utilizing this methodology, however, the examining attorney must first lay the proper foundation. “To be inconsistent, a prior statement must either directly contradict or be materially different from the ... testimony at trial.”
 
 Pearce v. State,
 
 880 So.2d 561, 569 (Fla.2004).
 

 “The fact that a witness once stated something was true is not logically inconsistent with a subsequent loss of memory. The only thing that is inconsistent with a claimed loss of memory is evidence that suggests that the witness in fact remembers.”
 
 Brooks v. State,
 
 918 So.2d 181, 200 (Fla.2005) (quoting
 
 James v. State,
 
 765 So.2d 763, 766 (Fla. 1st DCA 2000)). “[C]aution should be exercised in permitting impeachment of a witness who has given favorable testimony but simply fails to recall every detail unless the witness appears to be fabricating.”
 
 Ocasio,
 
 994 So.2d at 1262 (quoting
 
 Morton v. State,
 
 689 So.2d 259, 264 (Fla.1997),
 
 receded from on other grounds by Rodriguez v. State,
 
 753 So.2d 29 (Fla.2000)).
 

 At her pre-trial deposition, the victim recounted four incidents involving Espinoza. During her direct examination at trial, however, she only described three. While being cross-examined, the victim acknowledged that she had earlier described a fourth incident but could not recall the details while on the witness stand. This inability to remember is “not synonymous with providing trial testimony that is inconsistent with a prior statement.”
 
 Brooks,
 
 918 So.2d at 200;
 
 see also James,
 
 765 So.2d at 766;
 
 Calhoun v. State, 502
 
 So.2d 1364, 1365 (Fla. 2d DCA 1987). The only foundation laid by defense counsel was that this victim witness had a loss of memory.
 
 See Brooks,
 
 918 So.2d at 200 (quoting
 
 James,
 
 765 So.2d at 766) (“The controlling issue on appeal is whether it
 
 *389
 
 was appropriate to impeach [a witness’] asserted lack of memory by showing substantive statements that she made when her memory was [more] fresh. As a matter of logic, that is not appropriate impeachment by inconsistent statement.”).
 

 Affirmed.
 

 TAYLOR, J., and BLANC, PETER D., Associate Judge, concur.