MAY, C.J.
The defendant appeals his conviction and sentence for sexual battery upon a *1127 person younger than twelve and lewd or lascivious molestation upon a person younger than twelve. He argues, among other issues, that the trial court erred in disallowing defense counsel to cross-examine a deputy about inconsistent statements of the victims. We find no error and affirm.
On appeal, the defendant argues the trial court abused its discretion by not allowing defense counsel to question a deputy about the victims’ statements during his first interview with them. The defense sought to establish that the victims’ accounts at that time differed from their trial testimony. The defendant suggests that this would have been a proper method of impeaching the child victims.
In response, the State argues that the trial court correctly excluded this line of questioning as hearsay. The State further argues that the proper way to impeach the victims’ testimony was during the victims’ own testimony. We agree with the State and affirm.
We review evidentiary rulings for an abuse of discretion. Espinoza v. State, 37 So.3d 387, 388 (Fla. 4th DCA 2010).
“Introduction of a prior statement that is inconsistent with a witness’s present testimony is a main method to attack the credibility of a witness.” Id. Section 90.608(1), Florida Statutes (2008), allows for the admission of prior inconsistent statements. However, prior inconsistent statements may only be used to impeach the testifying witness’s own testimony. See id. (citing § 90.614(2), Fla. Stat. (2008)) (explaining the requirement in section 90.614(2) that the witness is first afforded an opportunity to explain the inconsistent statement).
Here, under section 90.614(2) and Rodriguez, the trial court correctly barred defense counsel from attempting to impeach the victims’ testimony through a deputy who interviewed the victims. As the trial court explained, if the defendant wanted to impeach the victims’ testimony and cast doubt on their credibility, then it needed to be done while each victim was on the stand.
We find no merit to the other issue raised. The defendant’s conviction and sentence are affirmed.

Affirmed.

WARNER and POLEN, JJ„ concur.