PER CURIAM.
We affirm the trial court’s denial of appellant’s untimely motion for postconviction relief. Appellant claims that the Rule 3.850 time limit was tolled while his petition for belated appeal from his conviction and sentence was pending. The petition for belated appeal was ultimately denied on the merits by this court. The petition did not toll the two-year time limit for seeking postconviction relief. Jones v. State, 922 So.2d 1088 (Fla. 4th DCA 2006).
Appellant’s proper course would have been to timely file his postconviction motion and advise the trial court of his pending petition for belated appeal. The trial court then could have abated the proceedings until a ruling was entered on the petition for belated appeal.
Appellant attempts to reargue his claim that counsel failed to file a notice of appeal. This claim was denied on the merits after an evidentiary hearing in the belated appeal proceedings. Appellant’s attempt at rearguing this claim in the postconviction motion is an abuse of judicial resources.

Affirmed.

WARNER, DAMOORGIAN and CIKLIN, JJ„ concur.