[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10581

_____

D.C. Docket No. 2:13-cv-14192-JEM

MOISES ESPINOSA,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 23, 2015)

Before MARCUS, WILLIAM PRYOR, and JILL PRYOR, Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

The issue in this appeal is whether Moises Espinosa's state petition for

belated appeal tolled the one-year limitation period for filing a federal petition for a

writ of habeas corpus. A jury convicted Espinosa of two counts of sexual battery

on a child and the state intermediate appellate court affirmed. Espinosa moved for state postconviction relief, and the state trial court dismissed his motion for failure to state a claim. When Espinosa appealed that dismissal several months later, the state appellate court ruled that his appeal was untimely, treated his filing as a petition for belated appeal, Fla. R. App. P. 9.141(c), and denied it. Espinosa then filed a federal petition for a writ of habeas corpus, which the district court dismissed as untimely. Because Espinosa's petition for belated appeal did not involve "collateral review" of his conviction, it did not toll the one-year limitation period of the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2244(d). We affirm.

## I.  BACKGROUND

A Florida jury convicted Espinosa of two counts of sexual battery on a child under the age of 12 by a person 18 years of age or older, Fla. Stat. § 794.011(2)(a). A judge sentenced him to consecutive life sentences. Espinosa appealed and argued that the trial court erred when it did not allow Espinosa to impeach a witness's credibility with a prior inconsistent statement. The intermediate appellate court affirmed. *See Espinoza v. State*, 37 So. 3d 387 (Fla. Dist. Ct. App. 2010). On October 21, 2010, the Florida Supreme Court denied his petition for review. *Espinoza v. State*, 47 So. 3d 1288 (Fla. 2010) (unpublished table decision).

2

On March 11, 2011, Espinosa filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 on the ground of newly discovered evidence. Espinosa asserted that the victim recanted her testimony after his conviction. On June 29, 2011, the trial court dismissed his motion without prejudice because the motion was unsworn and failed to state valid claims. Espinosa then filed an amended motion with an affidavit. On February 17, 2012, the trial court dismissed the amended motion as well. The trial court granted Espinosa a final opportunity to file a sufficient motion by May 1, 2012.

On March 2, 2012, Espinosa filed a notice of supplemental information to address one defect in his amended motion. The trial court dismissed the notice on March 15, 2012, and stated that Espinosa must file a single, comprehensive motion that was both facially and legally sufficient. On April 10, 2012, Espinosa filed a motion to quash the order that dismissed his notice of supplemental information. The trial court denied the motion on April 30, 2012. Espinosa did not file a second amended motion.

On September 13, 2012, Espinosa filed a notice of appeal from the order denying his Rule 3.850 motion. On October 26, 2012, the appellate court determined that Espinosa's notice of appeal appeared to be untimely and ordered him to file within 20 days a petition for belated appeal or a copy of a more recent order that could be timely appealed. On November 8, 2012, Espinosa filed a

3

petition for belated appeal, and on November 30, 2012, the appellate court redesignated his earlier notice of appeal as a petition for belated appeal. On February 6, 2013, the appellate court denied Espinosa's petition for belated appeal.

On May 2, 2013, Espinosa filed a federal petition for a writ of habeas corpus, 28 U.S.C. § 2254. The district court denied Espinosa's petition. The district court ruled that Espinosa's petition was untimely because 387 untolled days passed between the date Espinosa's conviction became final and the date he filed his federal petition for a writ of habeas corpus. The district court ruled that Espinosa's petition for belated appeal did not toll the limitation period because the Florida appellate court denied the petition. The district court issued a certificate of appealability on the issue whether a petition for belated appeal, under Florida Rule of Appellate Procedure 9.141(c), tolls the limitation period when the petition for belated appeal is denied.

## II. STANDARD OF REVIEW

We review *de novo* a dismissal of a petition for a writ of habeas corpus as untimely. *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides a "1-year period of limitation . . . [for] an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The

4

period runs from the latest of four dates, including, as applies here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." *Id.* § 2244(d)(2).

There is no dispute that at least 241 days of untolled time passed between the date Espinosa's conviction became final and the date he filed his federal petition. Espinosa's conviction became final on January 19, 2011, 90 days after the judgment of the Florida Supreme Court, when his time for filing a certiorari petition in the United States Supreme Court expired. *See* Sup. Ct. R. 13.1. On March 11, 2011, 51 untolled days later, Espinosa moved for postconviction relief in the state trial court. The order dismissing Espinosa's motion became final on May 1, 2012, when Espinosa failed to file a second amended motion. Espinosa had until May 31, 2012, to file a timely appeal. *See* Fla. R. App. P. 9.140(b)(3). When he failed to do so, 105 more days of untolled time passed before Espinosa filed a petition for belated appeal on September 13, 2012. The state appellate court denied that petition on February 6, 2013. Then, an additional 85 days of untolled time passed before Espinosa filed his federal habeas petition on May 2, 2013.

5

The parties dispute whether Espinosa's petition for a belated appeal tolled the one-year limitation period for the 146 days while it was pending. If it did, his petition was timely. If it did not, then a total of 387 untolled days passed and Espinosa's federal petition came 22 days too late.

To toll the one-year limitation period under section 2244(d)(2), a proceeding must be a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). An application is filed "when it is delivered to, and accepted by, the appropriate court officer for placement into the official record," and it is *properly* filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 363–64 (2000).

"Collateral review" is "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, __ U.S. __, 131 S. Ct. 1278, 1285 (2011). In *Wall v. Kholi*, the Supreme Court ruled that a motion to reduce sentence under Rhode Island law is an application for collateral review that triggers the tolling provision of the Act. *Id.* at 1287. The Supreme Court reasoned that the phrase "collateral review" does not refer only to proceedings that challenge the "lawfulness" of a prior judgment. *Id.* Kholi's motion to reduce sentence triggered a proceeding that was both "collateral" and a "review" of the sentence, *id.* at 1286–87, because it was "not part of the direct review process," *id.* at 1286,

required a judge "to determine whether a more lenient sentence is proper," *id.*, and allowed that judge to "disturb the trial justice's decision," *id.* at 1285. The Court distinguished a motion to reduce sentence from "a motion for post-conviction discovery or a motion for appointment of counsel, which generally are not direct requests for judicial review of a judgment and do not provide a state court with authority to order relief from a judgment." *Id.* at 1286 n.4; *see also Brown v. Sec'y for the Dep't of Corrs.*, 530 F.3d 1335, 1337 (11th Cir. 2008) (holding that a post-conviction motion for DNA testing was not an "application for post-conviction or other collateral review" (citing 28 U.S.C. § 2244(d)(2))).

Espinosa's petition for belated appeal is not an "application for State post-conviction or other collateral review with respect to the pertinent judgment," 28 U.S.C. § 2244(d)(2). "[R]eview of a petition for belated appeal does not reach the merits of the anticipated appeal or the validity of the order to be appealed, but instead reviews the grounds for relieving the petitioner of his or her failure to timely seek such an appeal." *Jones v. State*, 922 So. 2d 1088, 1090 (Fla. Dist. Ct. App. 2006). "[I]t challenges events that occur *after* the final order is rendered." *Id.* An appellate court decides that a petitioner is entitled to belated appeal by considering whether his lawyer failed to file a timely appeal upon request, his lawyer misadvised him as to the availability of review, or there were "circumstances unrelated to [his] counsel[] . . . that were beyond the petitioner's

7

control and otherwise interfered with the petitioner's ability to file a timely appeal." Fla. R. App. P. 9.141(c)(4)(F). A petitioner seeking belated appeal does not need "to allege that the issues that would be presented on appeal are potentially meritorious." *State v. Trowell*, 739 So. 2d 77, 80 (Fla. 1999). The appellate court considering the petition does not reexamine the underlying judgment or claim, and a ruling on the petition cannot make "amendment[s] or improvement[s]" to the terms of custody. *Kholi*, 131 S. Ct. at 1285 (quoting *Kholi v. Wall*, 582 F.3d 147, 153 (1st Cir. 2009)) (internal quotation mark omitted). Accordingly, a petition for belated appeal is not an application for collateral review within the meaning of section 2244(d).

Our reasoning mirrors how a Florida court would treat a petition for a belated direct appeal in determining the timeliness of a state motion for collateral review. That is, an unsuccessful petition for belated appeal of a criminal conviction, under Florida law, does not toll the limitation period for state collateral review. *See Jones*, 922 So. 2d at 1089–90. Unlike motions for a new trial, for rehearing, or to correct a sentence, which do toll the rendition of a final order, a petition for belated appeal "does not challenge directly any specific ruling" in the criminal case. *Id.* at 1090. In the same way, filing a petition for belated appeal of an order denying state collateral relief does not toll the federal limitation period for a petition for a writ of habeas corpus.

8

We reject Espinosa's argument that if we were to hold that a petition for belated appeal does not toll the limitation period, our ruling would conflict with the need to exhaust state remedies. He argues that some petitioners would file federal petitions before obtaining permission to pursue a belated appeal under state law. But the Supreme Court has instructed courts to balance the interest in "exhaustion of state remedies" with "the interest in the finality of state court judgments." *Duncan v. Walker*, 533 U.S. 167, 178, 121 S. Ct. 2120, 2127 (2001); *see also Bridges v. Johnson*, 284 F.3d 1201, 1203 (11th Cir. 2002). "Congress's overriding purpose in enacting AEDPA . . . [was] 'to achieve finality in criminal cases, both federal and state.'" *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011) (quoting *Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002)). Espinosa's proffered interpretation of the Act would allow a state prisoner to "toll the statute of limitations at will simply by filing [petitions to file] untimely state postconviction petitions." *Pace v. DiGuglielmo*, 544 U.S. 408, 413, 125 S. Ct. 1807, 1812 (2005). "This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." *Id.*

Our opinion in *Moore v. Crosby*, 321 F.3d 1377 (11th Cir. 2003), also does not support Espinosa's argument. In *Moore*, we considered a different issue: whether a petition for belated appeal, which was filed after the one-year limitation

9

period had already expired and was later granted by the state appellate court, could retroactively toll the one-year limitation period. *Id.* at 1379–80. We held that "an out-of-time appeal does not revive the time during which no state collateral petition was pending." *Id.* at 1380. We discussed a decision of the Fifth Circuit that had reached a similar holding, and we stated that "the Fifth Circuit concluded that after the appeal period lapsed, an application ceased to be pending, but that a subsequently properly filed application entitled the petitioner to additional tolling beginning at the time of the proper filing." *Id.* (citing *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001)). But the Fifth Circuit described a procedural posture materially different from Espinosa's appeal: the state court had *granted* an untimely application and then considered the merits of the underlying claim for collateral relief. *See Melancon*, 259 F.3d at 403, 407.

In other jurisdictions, motions to appeal out of time have tolled the one-year limitation period when, unlike here, the state courts permitted the untimely applications. *See, e.g.*, *Gibson v. Klinger*, 232 F.3d 799, 802–03 (10th Cir. 2000); *Fernandez v. Sternes*, 227 F.3d 977 (7th Cir. 2000). In *Fernandez v. Sternes*, the Seventh Circuit addressed the tolling effect of a "motion for permission to file a late petition for leave to appeal" that was granted and "treated as a petition for leave to appeal." 227 F.3d at 979. The Seventh Circuit concluded that the motion

10

tolled the federal limitation period because the state court "excused the untimeliness as a matter of state law and ruled on the merits." *Id.* at 981.

When the state appellate court denied Espinosa's petition for belated appeal, it never considered the merits of his underlying claims. Espinosa's petition for belated appeal never triggered a reexamination of his conviction or sentence and, as a result, failed to toll the federal limitation period. Espinosa's federal habeas petition was untimely.

## IV.  CONCLUSION

We **AFFIRM** the dismissal of Espinosa's petition.