[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15522
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-00712-BJD-PDB


RAMON F. DANNY, JR.,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 3, 2016)

Before WILLIAM PRYOR, JULIE CARNES and FAY, Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

This appeal presents the issue whether a petition for a belated direct appeal, under Florida Rule of Appellate Procedure 9.141(c), qualifies as an "application for State . . . collateral review," 28 U.S.C. § 2244(d)(2), that, while pending, tolls the period of limitation for a Florida prisoner's federal petition for a writ of habeas corpus. We answer that question in the negative based on our recent decision in *Espinosa v. Secretary, Department of Corrections*, 804 F.3d 1137 (11th Cir. 2015), which held that a petition for belated postconviction appeal under Rule 9.141(c) does not "involve 'collateral review' of [a] conviction" for the purpose of tolling the same statute of limitation. *Id.* at 1139. Because Ramon F. Danny Jr.'s petition for a belated direct appeal does not qualify as an application for state collateral review, we affirm the dismissal of his petition for a writ of habeas corpus as untimely.

## I. BACKGROUND

On September 9, 2010, Danny pleaded guilty to the crime of lewd or lascivious molestation of a victim who was less than 12 years old. *See* Fla. Stat. § 800.04(5)(b). Danny pleaded guilty because the state agreed to waive the statutory minimum sentence of 25 years of imprisonment, *id.* § 775.082(3)(a)(4), and to request a sentence of 10 years of imprisonment. That day, a Florida court sentenced Danny to 10 years of imprisonment followed by 10 years of supervised probation. Danny did not file a direct appeal.

2

On February 18, 2011, Danny petitioned for a belated direct appeal on the ground that his attorney had disregarded his directions to file a motion to withdraw his plea and a notice of appeal. *See* Fla. R. App. P. 9.141(c). The First District Court of Appeal relinquished jurisdiction to the trial court, which appointed a special master to consider Danny's petition. Following an evidentiary hearing, the special master issued a report that recommended denying the petition. On October 19, 2011, the First District Court of Appeal denied Danny's petition.

Danny twice collaterally attacked his conviction in the Florida courts. On September 17, 2011, Danny moved for postconviction relief based on the ineffectiveness of trial counsel, *see* Fla. R. Crim. P. 3.850, but the trial court denied the motion as "lack[ing] any factual basis." The First District Court of Appeal affirmed and issued its mandate on November 14, 2012. On January 3, 2013, Danny again moved for postconviction relief on the grounds of ineffectiveness of counsel and of insufficient evidence, *see id.*, but the trial court denied Danny's motion as untimely, successive, and frivolous.

On June 15, 2013, Danny filed *pro se* a petition for a writ of habeas corpus in the district court. 28 U.S.C. § 2254. The State of Florida moved to dismiss Danny's petition as barred by the one-year statute of limitation. *Id.* § 2244(d)(1). Danny argued that his petition was timely because the limitation period was tolled while his petition for a belated direct appeal was pending in the Florida courts.

3

The district court dismissed Danny's petition for a writ of habeas corpus as untimely. *See id.* Danny's petition for a belated direct appeal, the district court reasoned, did not toll the running of the statute of limitation because the state courts refused to "reopen direct review" and because Danny's petition did not "entail direct or collateral review of a judgment of conviction or sentence in Florida." The district court determined that Danny filed his federal petition several months after the limitation period expired. The district court concluded that the one-year limitation period commenced on October 13, 2010, when the time expired for Danny to file a direct appeal, and ran for 339 days; that the period was tolled from September 17, 2011, to November 14, 2012, while Danny's first motion for state postconviction relief remained pending; and that the limitation period resumed running on November 15, 2012, and expired on December 11, 2012, six months before Danny filed his federal petition on June 15, 2013.

## II. STANDARD OF REVIEW

We review *de novo* the dismissal of a petition for a writ of habeas corpus as untimely. *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006).

## III. DISCUSSION

The timeliness of Danny's petition for a writ of habeas corpus turns on whether the petition for a belated direct appeal that he filed in a Florida court qualifies for statutory tolling as an "application for State . . . collateral review." 28

4

U.S.C. § 2244(d)(2). Danny argues that his petition is an application for collateral review because it involved a matter peripheral to a direct review of his conviction and was filed under a rule entitled "Review Proceedings in Collateral or Post-Conviction Criminal Cases." The State of Florida responds that Danny's petition requested the opportunity to pursue a direct appeal and that the title of Florida Rule of Appellate Procedure 9.141 does not alter the nature of the relief that Danny sought. We conclude that Danny's petition for a belated direct appeal is bereft of the characteristics of an application for collateral review under section 2244(d)(2) and that the district court correctly dismissed Danny's petition as untimely.

Our recent decision in *Espinosa*, 804 F.3d 1137, forecloses Danny's argument. Espinosa sought statutory tolling of the one-year statute of limitation for the period while his petition for belated postconviction appeal remained pending. *Id.* at 1140; *see* Fla. R. App. P. 9.141(c); Fla. R. Crim. P. 3.850. But we held that a petition for a belated appeal does not qualify as an application for collateral review because, under Florida law, it "does not reach the merits of the anticipated appeal or the validity of the order to be appealed." *Espinosa*, 804 F.3d at 1141 (quoting *Jones v. State*, 922 So. 2d 1088, 1090 (Fla. Dist. Ct. App. 2006)).

Our decision in *Espinosa* adhered to the interpretation of the phrase "collateral review" provided by the Supreme Court in *Wall v. Kholi*, __ U.S. __, 131 S. Ct. 1278 (2011). In *Kholi*, the Supreme Court explained that, "to trigger the

5

tolling provision, [the] 'collateral' proceeding must also involve a . . . 'review,'" *id.* at 1285, in which there is "a looking over or examination with a view to amendment or improvement," *id.* (quoting *Kholi v. Wall*, 582 F.3d 147, 153 (1st Cir. 2009)). Collateral review invites "a judicial reexamination of a judgment or claim." *Id.* In *Kholi*, the Court ruled that a motion for reduction of sentence filed under a rule of criminal procedure in Rhode Island qualified as an application for collateral review because it initiated a proceeding in which a state court could modify the movant's sentence. *Id.* at 1286–87. The Supreme Court distinguished that motion from "a motion for post-conviction discovery or a motion for appointment of counsel, which generally are not direct requests for judicial review of a judgment and do not provide a state court with authority to order relief from a judgment." *Id.* at 1286 n.4.

Both *Espinosa* and *Kholi* were consistent with our earlier precedent that a Florida prisoner's motion for biological testing did not qualify as an application for collateral review. *Brown v. Sec'y for the Dep't of Corr.*, 530 F.3d 1335 (11th Cir. 2008). Brown sought statutory tolling for the period during which his motion for DNA testing under Florida Rule of Criminal Procedure 3.853 remained pending. *Id.* at 1337. Brown's motion did not qualify for statutory tolling, we reasoned, because it "involve[d] an application for discovery only" and did not impart authority to the state courts to give Brown "relief from [his] sentence or

conviction." *Id.* That relief, we explained, had to be pursued in a different "proceeding under Florida's collateral attack rules." *Id.*

Danny's petition for a belated direct appeal did not invite "a judicial reexamination of a judgment or claim." *Kholi*, 131 S. Ct. at 1285. A petition for relief under Rule 9.141(c) requests that a state court "review[] the grounds for relieving the petitioner of his . . . failure to timely seek . . . an appeal." *Jones*, 922 So. 2d at 1090. The petition, if successful, only revives a petitioner's right to prosecute a direct appeal. *See* Fla. R. App. P. 9.141(c). If the petitioner proves that he has been deprived of a direct appeal due to no fault of his own, *see* Fla. R. App. P. 9.141(c)(4)(F), the state court issues "[a]n order granting a petition for belated appeal . . . [that is] treated as the notice of appeal," Fla. R. App. P. 9.141(c)(6)(D). In contrast, to qualify for statutory tolling, a collateral pleading must "request[] . . . judicial review of a judgment and . . . provide a state court with authority to order relief from a judgment." *Kholi,* 131 S. Ct. at 1286 n.4. Danny's petition did neither.

Danny argues that his petition should be treated as an application for collateral review because the Florida rule that governs his petition is entitled, "Review Proceedings in Collateral or Post-Conviction Criminal Cases," but that label is of no moment. "[F]or purposes of applying a federal statute that interacts with state procedural rules, we look to how a state procedure functions, rather than the particular name that it bears," *Carey v. Saffold*, 536 U.S. 214, 223, 122 S. Ct.

7

2134, 2140 (2002), and a proceeding under Rule 9.141(c) does not entail "examination with a view to amendment or improvement" of a judgment or claim. *Kholi*, 131 S. Ct. at 1285.

As we explained in *Espinosa*, our decision that a Florida prisoner's petition for belated appeal does not toll the limitation period for a federal petition creates symmetry with how Florida courts treat the same kinds of filings:

> Our reasoning mirrors how a Florida court would treat a petition for a belated direct appeal in determining the timeliness of a state motion for collateral review. That is, an unsuccessful petition for belated appeal of a criminal conviction, under Florida law, does not toll the limitation period for state collateral review. *See Jones*, 922 So. 2d at 1089–90. Unlike motions for a new trial, for rehearing, or to correct a sentence, which do toll the rendition of a final order, a petition for belated appeal "does not challenge directly any specific ruling" in the criminal case. *Id.* at 1090. In the same way, filing a petition for belated appeal of an order denying state collateral relief does not toll the federal limitation period for a petition for a writ of habeas corpus.

804 F.3d at 1141.

## IV. CONCLUSION

We **AFFIRM** the dismissal of Danny's petition for a writ of habeas corpus.

8