Dennis POLLOCK, Petitioner–Appellant,

v.

SECRETARY, DEPARTMENT OF CORRECTIONS, Attorney General, State of Florida, Respondents–Appellees.

No. 15–13512
Non–Argument Calendar

United States Court of Appeals, Eleventh Circuit.

Date Filed: 10/05/2016

Dennis Pollock, Pro Se.

Sonya Roebuck Horbelt, Pam Bondi, Attorney General's Office, Criminal Division, Tampa, FL, for Respondents–Appellees.

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Florida prisoner Dennis Pollock, proceeding *pro se*, appeals the dismissal of his federal habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, as time-barred. A certificate of appealability was issued on the following question: "[w]hether the district court erred in determining that Pollock's § 2254 petition for a writ of habeas corpus was untimely under 28 U.S.C. § 2244(d)." Pollock contends the district court erred in dismissing his petition as untimely because equitable tolling should have applied. Specifically, he asserts that, under the Florida Rules of Judicial Administration, he had a reasonable expectation he would be notified once a decision was rendered in his appeal from the state court's denial of his second amended Florida Rule of Criminal Procedure 3.850 motion, but he did not receive such notification. He further contends he exercised due diligence in pursuing his case when he filed a Notice of Inquiry with the state appellate court one year and five months after he initiated the appeal. After review,[1] we affirm the district court.

## I. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides for a one-year limitations period in which a state prisoner must file an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of one of four triggering events, including, in relevant part, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Once the statute of limitations is triggered, it can be tolled in two ways, by statutory tolling or by equitable tolling. *Spottsville v. Terry*, 476 F.3d 1241, 1243–46 (11th Cir. 2007).

### A. Statutory tolling

Statutory tolling allows state prisoners to toll the limitations period while "properly filed" state post-conviction actions are "pending" in state court. 28 U.S.C. § 2244(d)(2). To toll the one-year limitation period under § 2244(d)(2), a proceeding must be a "properly filed application for State post-conviction or other collateral review" of the relevant judgment or claim. *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1140 (11th Cir. 2015) (quoting 28 U.S.C. § 2244(d)(2)). "An application is filed when it is delivered to, and accepted by, the appropriate court officer for placement into the official record, and it is *properly* filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* (quotations omitted). A state-court petition for a belated appeal does not trigger a re-examination of a conviction or sentence,

---

1. We review *de novo* a district court's dismissal of a habeas petition as untimely under § 2244(d). *Day v. Hall*, 528 F.3d 1315, 1316 (11th Cir. 2008). We also review *de novo* a district court's decision on equitable tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011). Factual findings, including findings regarding a party's diligence, are reviewed for clear error and will be affirmed unless the record lacks substantial evidence to support them. *Id.*

and, thus, does not toll the federal statute-of-limitations period. *Id.* at 1142.

▮ The district court correctly determined that Pollock's federal habeas petition was untimely because it failed to meet the one-year statute of limitations required under AEDPA. *See* 28 U.S.C. § 2244(d)(1). As the district court found, Pollock's time began to run on February 17, 2012—30 days after judgment and sentence were rendered. Pollock's first Rule 3.850 motion, filed 87 days after his time began to run, tolled 278 remaining days in which to file a federal habeas petition. Pollock's time began to run again on June 14, 2012, when that motion was dismissed as facially insufficient. Pollock's subsequent amended Rule 3.850 motion tolled no time because it was not properly sworn, and thus not "properly filed" within the meaning of the statute. Accordingly, 36 additional days passed before Pollock's second amended Rule 3.850 motion, filed July 20, 2012, again tolled his time, leaving him 242 remaining days in which to file a federal habeas petition. His time began to run again on July 3, 2013, when a mandate was issued by the state appeals court, rendering his final deadline to file March 3, 2014. The district court correctly noted that Pollock's petition for a belated appeal, filed after his second amended Rule 3.850 motion, did not toll his time under this Court's precedent. *See Espinosa*, 804 F.3d at 1141. Accordingly, his federal habeas petition, dated May 9, 2014, was untimely.

## B. Equitable tolling

Equitable tolling allows state prisoners to toll the statute of limitations based on extraordinary circumstances that are both beyond their control and unavoidable even with diligence. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). Establishing a right to equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). Equitable tolling only applies in "truly extraordinary circumstances." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (involving a 28 U.S.C. § 2255 motion). The appellant bears the burden of establishing his entitlement to equitable tolling. *Id.*

In *Johnson*, the appellant was not entitled to equitable tolling where he took no action during the one-year grace period after the AEDPA's effective date, and did not file a state collateral attack until almost two years after his conviction was affirmed on appeal. *Id.* at 1228. In *San Martin*, we determined that equitable tolling was not appropriate where the appellant argued that he did not receive notice of the Supreme Court's denial of his petition for writ of *certiorari* until the denial was docketed in the Florida Supreme Court two weeks later. *San Martin*, 633 F.3d at 1268. Specifically, we determined that San Martin failed to show due diligence because he failed to show that he made any effort to contact the Supreme Court to inquire about his case, that anyone had agreed to contact him regarding the final disposition, or that the Florida Supreme Court docket was a better source of information about a Supreme Court ruling than the Supreme Court's docket would have been. *Id.* at 1270. Moreover, we noted that San Martin also failed to explain why he waited 349 days after the Supreme Court's judgment appeared on the Florida Supreme Court docket to file a post-conviction motion, and then waited another 15 days after the disposition of that post-conviction motion to file his federal habeas petition. *Id.* By contrast, in *Knight v. Schofield*, we determined that the petitioner was entitled to equitable

tolling where the Supreme Court of Georgia assured him it would notify him when a decision was made, but sent the notification to the wrong person, and he exercised diligence in inquiring about the decision after 15 months had passed. 292 F.3d 709, 711 (11th Cir. 2002). We noted in *Knight*, however, that a petitioner was not necessarily entitled to equitable tolling until he receives notice because "[e]ach case turns on its own facts." *Id.*

■ The district court did not clearly err in finding that Pollock failed to demonstrate due diligence, and, thus was not entitled to equitable tolling. As an initial matter, Pollock's assertion the state appellate court failed to provide notice of its decision as mandated by Florida Rules of Judicial Administration was not refuted. The district court accepted as true Pollock's assertions of inadequate notice in making its due-diligence determination. Even assuming the state court's failure to provide notice was an "extraordinary circumstance" beyond Pollock's control, it does not support Pollock's claim the district court clearly erred in determining he failed to show he pursued his claims with due diligence. *See San Martin*, 633 F.3d at 1267. Indeed, Pollock does not dispute the district court's finding he failed to inquire about the status of his state-court appeal of his second amended Rule 3.850 motion until March 17, 2014—17 months after filing his initial brief. Rather, Pollock argues his single inquiry, along with his general record of timely filings in post-conviction proceedings, provided sufficient evidence of his due diligence.

Pollock's single inquiry is insufficient to show diligence. Pollock's case is distinguishable from *San Martin* and *Johnson* because Pollock showed he made one attempt to ascertain the status of his second amended motion, and, taking his assertion as true, the state court failed to contempo-

raneously notify him of the decision, as it was required to do. *See San Martin*, 633 F.3d at 1268; *Johnson*, 340 F.3d at 1228. However, this case is also distinguishable from *Knight* because, first, Pollock waited longer to inquire about the status of his motion than the appellant in *Knight*, and second, Pollock received no personal assurances from the court that it would promptly inform him of a decision, but instead relied on generally applicable state administrative rules that mandate notification. *See Knight*, 292 F.3d at 711. This Court specifically noted in *Knight* that a petitioner is not necessarily entitled to equitable tolling until he receives notice because each case is fact specific. *See Knight*, 292 F.3d at 711.

Pollock has not provided evidence to counter the district court's findings, nor has he provided an explanation for his lengthy delay in inquiring other than his reliance on the court's general rules regarding notification. Additionally, the state court's quick response to his inquiry supports the circumstances were not out of Pollock's control, if only he had inquired sooner. Pollock has not demonstrated the district court clearly erred in its due-diligence determination, and thus, he was not entitled to equitable tolling. *See San Martin*, 633 F.3d at 1267.

## II. CONCLUSION

The district court's dismissal of Pollock's § 2254 petition as time barred is **AFFIRMED.**