[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13922
Non-Argument Calendar

_____

D.C. Docket No. 5:14-cv-00034-WTH-PRL

STEVEN H. COOK,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 26, 2017)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Steven Cook is a Florida prisoner proceeding pro se. He appeals the district

court's dismissal of his habeas corpus petition brought under 28 U.S.C. § 2254 as

barred by the one-year statute of limitations. Cook argues the district court erred in

finding he first filed an application for state collateral review on April 8, 2011.  He argues instead that he timely and properly filed a postconviction motion under Florida Rule of Criminal Procedure 3.850 when he gave it to prison officials on June 11, 2010.  The district court found there was no record of a June 11, 2010 motion, and thus the one-year limitations period expired before Cook filed his April 8, 2011 motion.  After careful review, we vacate the district court's decision and remand for further review.

I.

On June 6, 2008, a Florida jury convicted Cook of first-degree murder. Florida's Fifth District Court of Appeal affirmed that decision on April 7, 2009, and denied a motion for rehearing on June 2, 2009.  Cook v. State, 11 So. 3d 371 (Fla. 5th DCA 2009) (per curiam).  The mandate issued on June 19, 2009.  Cook then delivered a Rule 3.850 motion to prison authorities.  Prison authorities stamped the motion as received on June 11, 2010.  Cook filed several more petitions and motions in the state court, including an April 8, 2011 state habeas petition, a June 4, 2012 motion, and an October 5, 2012 motion.  In both of the later motions, he argued the court had not addressed his June 11, 2010 motion. The Florida court denied these motions.  Both times it found the June 11, 2010 motion was not in the record.

2

On January 16, 2014, Cook filed this § 2254 habeas petition, which he later amended. The district court found Cook's petition untimely. Specifically, the court said Cook's one-year statute of limitations for filing a federal habeas petition began to run on September 17, 2009. Thus, the court reasoned that Cook had to file an application for postconviction relief before September 17, 2010, in order to toll the limitations period. It determined Cook's first application for postconviction relief was his April 8, 2011 state habeas petition, which fell outside the one-year limitations period. The district court further found Cook's June 11, 2010 motion was not in the record, and noted the state court twice found no record of the motion.

## II.

"We review de novo the dismissal of a habeas petition as untimely." Spottsville v. Terry, 476 F.3d 1241, 1243 (11th Cir. 2007). "We review its factual determinations for clear error." Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1330 (11th Cir. 2008). "If there is an issue that the district court did not decide in the first instance, it is not properly before this Court and we remand for the district court's consideration." Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000) (per curiam).

28 U.S.C. § 2244(d)(1) applies a one-year statute of limitations to § 2254 petitions. This limitations period begins to run on the latest of four events,

3

including the date a judgment of conviction becomes final.  28 U.S.C.

§ 2244(d)(1)(A).  The limitations period is tolled while a properly filed application

for state postconviction or other collateral review is pending.  Id. § 2244(d)(2).  For

example, a properly filed Rule 3.850 motion tolls the limitations period.  Brown v.

Sec'y for the Dep't of Corr., 530 F.3d 1335, 1338 (11th Cir. 2008).

"[A]n application is 'properly filed' when its delivery and acceptance are in

compliance with the applicable laws and rules governing filings."  Artuz v.

Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000).  The Florida Supreme Court has

adopted the "mailbox rule" for pro se prisoners.  Haag v. State, 591 So. 2d 614,

617 (Fla. 1992).  "Under the mailbox rule, a petition or notice of appeal filed by a

pro se inmate is deemed filed at the moment in time when the inmate loses control

over the document by entrusting its further delivery or processing to agents of the

state."  Id.

"Rule 3.850(c), which sets forth the contents of a 3.850 motion, requires a

movant to include a brief statement of the facts (and other conditions) relied on in

support of the motion."  Valle v. State, 705 So. 2d 1331, 1334 (Fla. 1997).  It also

requires other basic details about the petitioner's case.  Fla. R. Crim. P. 3.850(c).

The district court clearly erred in finding Cook's June 11, 2010 motion was

not in the record.  The State included the motion in its appendix to its answer.  See

App. Exs. DD & VV, Cook v. Sec'y, Dep't of Corr., No. 14-00034-CIV (M.D. Fla.

4

Sept. 19, 2014), D.E. 16-15:70 to 16-17:9; 16-18:20–21.  The Rule 3.850 motion was clearly marked as received on June 11, 2010.  Id. at D.E. 16-17:9, 16-18:20–21.  And the motion complied with the requirements of Rule 3.850(c).  Because the record shows that Cook delivered his motion to prison officials on June 11, 2010, the district court should have deemed it filed on that date under the mailbox rule.  See Haag, 591 So. 2d at 617.  This means the district court also clearly erred in finding Cook's April 8, 2011 petition was his first application for postconviction relief, and in denying the § 2254 petition as untimely.

Because the district court ruled only on the basis that Cook's habeas petition was untimely, no other issues are properly before this Court.  See Nyland, 216 F.3d at 1266.  We therefore vacate the district court's order and remand for further consideration of the petition consistent with this opinion.

**VACATED AND REMANDED.**