Robert Lewis MOORE, Petitioner–Appellant,

v.

James CROSBY, Secretary, Florida Department of Corrections, Charlie Crist, Attorney General for the State of Florida, Respondents–Appellees.

No. 01–10556.

United States Court of Appeals, Eleventh Circuit.

Feb. 21, 2003.

Robert A. Ratliff, Roberts, Shields, Green, Landry & Ratliff, Mobile, AL, for Petitioner–Appellant.

Patricia Ann McCarthy, Office of Atty. Gen./Dept. of Legal Affairs, Tampa, FL, for Respondents–Appellees.

Before DUBINA and BLACK, Circuit Judges, and RYSKAMP,* District Judge.

---

* Honorable Kenneth L. Ryskamp, United States District Judge for the Southern District of Florida, sitting by designation.

DUBINA, Circuit Judge:

Appellant/petitioner, Robert Lewis Moore ("petitioner") appeals the district court's order dismissing his federal habeas petition as untimely. For the reasons that follow, we affirm.

## I. BACKGROUND

On November 20, 1992, a jury convicted the petitioner of second degree murder and the court sentenced him to life in prison as a violent habitual felony offender. Petitioner appealed his state judgment and sentence. On November 20, 1996, the state appellate court affirmed petitioner's conviction and sentence but remanded for the trial court to conform the written sentence to its oral pronouncement and to provide its findings that it sentenced the petitioner as a violent habitual felony offender. *Moore v. State*, 693 So.2d 561 (Fla.Dist.Ct.App.1996). The mandate from petitioner's direct appeal issued on December 12, 1996.

On September 8, 1997, petitioner filed a timely motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. After conducting an evidentiary hearing on his motion, the state court entered an order on September 15, 1998, denying post-conviction relief. Petitioner did not appeal that adverse ruling. On May 11, 1999, petitioner filed a "Motion for Leave to File a Belated Appeal [of the] Denial of Post–Conviction Relief" in state court. On September 9, 1999, the appellate court denied the petition. *Moore v. State*, 743 So.2d 1090 (Fla.Dist.Ct.App. 1999) (table).

On February 22, 2000, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 that was dated February 11, 2000. On March 13, 2000, the district court dismissed the petition as untimely. Petitioner did not appeal the dismissal within 30 days of the entry of judgment.

Instead, petitioner sought leave to file a successive federal habeas petition. On October 25, 2000, this court denied his application for permission to file a successive petition. On December 4, 2000, petitioner filed a second state petition seeking permission to file a belated appeal of the 1998 state court denial of post-conviction relief in the state district court.

On December 29, 2000, petitioner filed a motion for relief from judgment in his federal habeas corpus proceeding under Rule 60(b) of the Federal Rules of Civil Procedure. In his motion, the petitioner alleged that he had requested his collateral counsel to file an appeal at the conclusion of the state court's denial of his post-conviction petition. Petitioner alleged that his attorney stated that he would file an appeal. When he did not, petitioner sent a letter to the state judge and the court treated the letter as a motion for permission to file a belated appeal. The court denied the motion. Subsequently, relying on *Williams v. State*, 777 So.2d 947 (Fla. 2000), the petitioner filed a second state petition for permission to file a belated appeal. This motion was still pending in state district court when the federal district court denied petitioner's post-judgment motion on January 12, 2001. The petitioner filed a notice of appeal and application for certificate of appealability ("COA"), which the district court denied. Thereafter, on March 22, 2001, the state district court granted the petitioner's second petition for belated appeal of the denial of his post-conviction motion. This court then granted the petitioner's request for a COA on one issue only.

## II. ISSUE

Whether this court should remand the case to the district court to consider whether petitioner's second motion for be-

lated appeal from the court's denial of his state post-conviction motion tolls the Antiterrorism and Effective Death Penalty Act's ("AEDPA") limitation period.

## III. STANDARD OF REVIEW

■ This court reviews *de novo* the district court's determination that the petition for federal habeas corpus relief was time-barred under the AEDPA. *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir.2000).

## IV. DISCUSSION

The petitioner contends that, under the theories of statutory and equitable tolling, and giving full faith and credit to Florida laws and judicial decisions, this court should remand his case to the district court with instructions that the district court consider the merits of his timely filed petition. To the contrary, the State urges this court to affirm the district court's judgment of dismissal because the petitioner's habeas petition was untimely. Specifically, the State argues that the petitioner's belated appeal does not toll the limitations period because it was not "pending" during the one-year limitation period. The State also argues that the petitioner is not entitled to equitable tolling because he did not present extraordinary circumstances which prevented him from filing a timely habeas petition, nor did he show that he used due diligence in seeking habeas relief.

Section 2244(d)(1) provides that the AEDPA's limitations period begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(2) states that "[t]he time during which a properly

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The parties do not dispute that, without allowing any tolling for his second belated appeal, petitioner's federal habeas petition was filed outside of the one-year limitation period and was thus untimely. The pivotal issue in this appeal is how long the petitioner's state application was "pending" within the meaning of the statute. This is a difficult question that implicates two issues of first impression for this circuit. The first is whether the motion for belated appeal has any effect on tolling the AEDPA because it was filed beyond the ADEPA's limitations period. The second is, if the motion for belated appeal does have some effect, when, if at all, does the belated appeal relate back for purposes of tolling the AEDPA's one-year statute of limitations.

An analogous case from this circuit, although not directly on point, is *Tinker v. Moore*, 255 F.3d 1331 (11th Cir.2001), *cert. denied*, 534 U.S. 1144, 122 S.Ct. 1101, 151 L.Ed.2d 997 (2002). In *Tinker*, the defendant argued that his properly filed state-court petition for collateral relief had the effect of tolling the AEDPA's limitations period even though the state petition was filed beyond the federal limitations period. *Id.* at 1333. This court determined that the defendant was arguing to reinitiate the limitations period which, under the statute, was not permitted. *Id.* In the present case, like *Tinker*, petitioner filed his final motion for a belated appeal outside the federal limitations period. Thus, arguably, no limitations period existed to be tolled.[1]

---

1. The time frame is as follows: On September 8, 1997, the petitioner filed a timely Rule 3.850 motion which was a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2254(d)(2);

■ It is clear that tolling continues under section 2244(d)(2) while the petitioner appeals the denial of a state application in state court. *Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (holding that a petitioner's claim is "pending" for the entire term of state court review, including those intervals between one state court's judgment and the filing of an appeal with a higher state court); *see also Nyland v. Moore,* 216 F.3d 1264, 1267 (11th Cir.2000) (noting that the statute of limitations was tolled until the mandate issued from the state court of appeals' order denying a rehearing on its affirmance of the state trial court's denial of a motion for post-conviction relief).

■ The question remains, however, what effect the granting of a motion for belated appeal from the denial of a timely state application would have on calculating how long that state application was pending under section 2244(d)(2). The few circuits to discuss the issue have found that an out-of-time appeal does not revive the time during which no state collateral petition was pending before the state court. *See Melancon v. Kaylo,* 259 F.3d 401, 407 (5th Cir.2001) (holding that after the appeal period has lapsed, an application for further appellate review ceases to be "pending" for purposes of calculating federal habeas corpus tolling provision); *Gib-*

*son v. Klinger,* 232 F.3d 799, 804 (10th Cir.2000) (concluding that a "state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court"); *Fernandez v. Sternes,* 227 F.3d 977, 981 (7th Cir.2000) (holding that while a state process may be reviewed after the time to seek further review has expired, "the prospect of revival does not make a case 'pending' in the interim").

After reviewing these cases, we are particularly persuaded by the Fifth Circuit's analysis in *Melancon* and adopt its reasoning. The Fifth Circuit, in discussing whether the petitioner's federal petition was timely, found that, at the point when the state limitations period expired, the petitioner was not entitled to further appellate review and, therefore, he had no application "pending" in state court. The court also explained that a state court's subsequent decision to permit review may toll the time relating to the application, but it does not change the fact that the application was not pending prior to the filing of the application. Thus, the Fifth Circuit concluded that after the appeal period lapsed, an application ceased to be pending, but that a subsequent properly filed application entitled the petitioner to additional tolling beginning at the time of the proper filing. This finding, the court reasoned, was consistent with Congress's

---

*see also Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000) (stating that an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings). By the time the petitioner filed his Rule 3.850 motion, approximately 268 days had elapsed from the date the mandate issued from petitioner's direct appeal. The state post-conviction court denied the petitioner's Rule 3.850 motion on September 15, 1998. The petitioner did not timely appeal the trial court's denial of his Rule 3.850 motion. Then, a period of 199 days elapsed from the expiration of the time for appeal

(Oct. 15, 1998) until he filed his first state petition seeking a belated post-conviction appeal (May 3, 1999). At this point, 367 days had elapsed. Thus, when the petitioner filed his federal habeas petition on February 11, 2000, the one-year limitations period had expired. This excludes the periods during which the petitioner's Rule 3.850 motion and his first state petition seeking a belated appeal were actually pending. *See Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir.2000) (holding that "even 'properly filed' state court petitions must be 'pending' in order to toll the limitations period").

intent to encourage exhaustion of state remedies without permitting petitioners to indefinitely toll the limitations period.

We agree with the Fifth Circuit that a difference exists between giving a petitioner credit for time needed to exhaust his state remedies prior to filing a federal habeas petition and "retroactively" tolling periods in which the petitioner is not attempting to exhaust state remedies. Such an interpretation would permit a petitioner to avoid the preclusive effect of a time-bar ruling by allowing a belated appeal beyond the one-year statute of limitations. This would be contrary to the purposes of the AEDPA.

In conclusion, we hold that the petitioner's belated appeal motion was not pending during the limitations period. The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a "properly filed" post-conviction application actually pending in state court. A state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition. The plain language of the statute provides for tolling "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). While a "properly filed" application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired. For the foregoing reasons, we affirm the district court's judgment of dismissal.

AFFIRMED.