[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 21, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-13071
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 05-00021-CV-ORL-22KRS

PETER ALLEN STITES,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS, Florida,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

---------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
---------------------------------------------

**(May 21, 2008)**

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Peter Allen Stites, a Florida prisoner proceeding pro se, appeals the district

court's dismissal of his habeas petition, 28 U.S.C. § 2254, as barred by the one-

year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] Reversible error has been shown; we vacate and remand for additional proceedings.

On 9 September 1999, a state appellate court affirmed Stites's convictions for lewd or lascivious assault upon a child. For these convictions, Stites received consecutive sentences of 15 and 12.89 years' imprisonment. Shortly after the affirmance of his convictions, Stites filed a Fla.R.Crim.P. 3.800(c) motion to reduce a legal sentence. After conducting a hearing on the motion, the trial court, by way of an amended judgment dated 2 June 2000, reduced Stites's 12.89-year sentence to 7.31 years, to run concurrently with the 15-year sentence. On 31 October 2000, Stites filed a Fla.R.Crim.P. 3.850 motion; proceedings on this motion ended when the appellate court affirmed the denial of relief and issued its mandate on 18 June 2004. Stites filed his section 2254 petition on 30 December 2004.

The district court calculated the start of the limitations period based on the date the state appellate court originally affirmed Stites's convictions. The court

---

[1]The district court previously dismissed Stites's section 2254 petition as time-barred, and Stites appealed to this Court. We vacated and remanded for determination of whether Stites's Fla.R.Crim.P. 3.800(c) motion tolled the one-year statute of limitations. His case is back on appeal after remand.

concluded that Stites's Rule 3.800(c) motion did not toll the limitations period, and dismissed the petition as time-barred. We granted a certificate of appealability ("COA") on whether the district court properly dismissed Stites's petition as untimely in the light of Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286 (11th Cir. 2007), petition for cert. filed (U.S. Jan. 30, 2008) (07-1008).

On appeal, Stites argues that his petition was timely under Ferreira because his modified sentence became final on 2 June 2000.[2] We review de novo a district court's determination that a habeas petition is time-barred. Moore v. Crosby, 321 F.3d 1377, 1379 (11th Cir. 2003).[3]

The AEDPA imposes a one-year limitations period on all habeas corpus petitions. See 28 U.S.C. § 2244(d)(1)(A) (measuring this one-year period from, among other things, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). While a "properly filed application for State post-conviction or other collateral

---

[2]Stites did not raise his Ferreira argument below; and we generally do not consider issues not raised before the district court. See Nyland v. Moore, 216 F.3d 1264, 1265 (11th Cir. 2000). But we will address the argument here because it specifically was addressed in the COA and Ferreira was decided after the district court issued its order dismissing Stites's petition. See Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) (scope of review on appeal from dismissal of a post-conviction motion is restricted to issue specified in the COA).

[3]In addition, we liberally construe pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

review" is pending, however, the limitations period is tolled.  28 U.S.C. § 2244(d)(2).

In Ferreira, we concluded that "AEDPA's statute of limitations begins to run from the date both the conviction *and* the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence."  494 F.3d at 1293 (emphasis in original) (relying on Burton v. Stewart, 127 S.Ct. 793 (2007)).[4]  Following the logic of Ferreira, Stites was "in custody" pursuant to his 2 June 2000 resentencing judgment -- which was based on his 7 September 1999 conviction -- when he filed his federal habeas petition.  See Ferreira, 494 F.3d at 1292 ("the judgment to which [section 2254(a)] refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention") (emphasis added).  Thus, under Ferreira, the 2 June 2000 judgment that imprisoned Stites controls the start of AEDPA's statute of limitations.  When Stites filed his tolling Rule 3.850 motion, 149 days in the limitations period had gone untolled.  Between the time his Rule 3.850 proceedings ended and when he filed his section 2254 petition, another 194 days of untolled time passed.  So, a total of 343 days of untolled time had passed

---

[4]The petitioner in Ferreira had been resentenced pursuant to a Fla.R.Crim.P. 3.800(a) motion to correct a sentence.

4

when Stites filed his section 2254 petition; and his petition was timely. The district court erred in not calculating the limitations period from the date of the resentencing judgment as mandated by Ferreira. Accordingly, we vacate and remand for additional proceedings.[5]

VACATED AND REMANDED.

---

[5]The certificate of appealability also asked whether the district court erred in the light of Delancy v. Fla. Dep't of Corr., 246 F.3d 1328 (11th Cir. 2001). In Delancy, we determined that Delancy's Rule 3.800(a) motion challenging consecutive sentences properly was filed under section 2244(d)(2) and tolled the limitations period -- even though the state court had dismissed it as being brought pursuant to the wrong statutory vehicle -- because the motion, on its face, complied with state procedural and filing requirements. 246 F.3d at 1330-31. But here, at issue was not whether Stites's Rule 3.800(c) motion complied with state procedural and filing requirements, but whether the motion constituted an "application for State post-conviction or other collateral review." We have concluded that a Rule 3.800(c) motion to reduce a legal sentence is not an application for post-conviction relief or other collateral review within the meaning of section 2244(d)(2): the motion does not challenge the legality of the sentence. Alexander v. Sec'y, Dep't of Corr., __ F.3d __ (11th Cir. April 8, 2008). We, therefore, do not address Stites's appellate arguments about Delancy and whether the Rule 3.800(c) motion tolled the limitations period.