[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12365
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-20337-DLG

ORIEL BERNADEU,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
Walter A. McNeil,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 23, 2011)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Oriel Bernadeu appeals the dismissal of his 28 U.S.C. § 2254 petition for habeas corpus as time-barred. On appeal, Bernadeu argues that: (1) the district court erred in not tolling the time between the trial court's denial of his motion for rehearing of his Fla.R.Crim.P. 3.850 post-conviction motion and the date on which he filed a petition for belated appeal in state court; and (2) alternatively, the court erred in not granting him the benefit of equitable tolling during that time because he did not receive notice of the order denying his motion for rehearing until more than seven months after it was issued. After careful review, we affirm.

We review de novo a district court's determination that a § 2254 petition was time-barred. Moore v. Crosby, 321 F.3d 1377, 1379 (11th Cir. 2003). We review "a district court's legal decision on equitable tolling de novo" and its factual findings for clear error. Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002). "[A] determination regarding a party's diligence is a finding of fact." Id.

A petition for a writ of habeas corpus filed by a state prisoner is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The statute of limitations is statutorily tolled while a properly-filed state application for post-conviction or other collateral review is pending. Id. § 2244(d)(2).

In Florida, one form of collateral relief a prisoner may seek is a Rule 3.850 motion to vacate, set aside, or correct a sentence. Fla.R.Crim.P. 3.850. If this motion

is denied and the petitioner does not file a notice of appeal within 30 days, the petitioner may later file a petition for belated appeal. Id. Rule 3.850(g); Fla.R.App.P. 9.141(c)(4)(A). Nonetheless, if a petition for belated appeal is filed after the § 2244 statute of limitations has expired, "it does not reset or restart the statute of limitations." Moore, 321 F.3d at 1381.

In addition to statutory tolling, equitable tolling may be applied in extraordinary cases where a petitioner acted diligently but nonetheless filed his petition for habeas corpus after the expiration of the statute of limitations due to "circumstances beyond his control." Drew, 297 F.3d at 1286-87.

In this case, the district court correctly dismissed Bernadeu's petition as time-barred because the statute of limitations expired on January 3, 2008, and Bernadeu did not file his petition until February 1, 2009. Despite Bernadeu's arguments to the contrary, it is irrelevant that the Florida state court deemed his March 25, 2008 belated appeal timely because, under Moore, a petition for belated appeal "does not reset or restart the statute of limitations" after it has expired. 321 F.3d at 1381. Contrary to Bernadeu's suggestion, Moore is still good law in this Court; the Supreme Court in Carey v. Saffold, 536 U.S. 214 (2002), explicitly limited its holding to California, and the Court in Evans v. Chavis, 546 U.S. 189 (2006), merely applied Carey to a new set of facts in a different California case. See Carey, 536 U.S. at 224-25; Evans, 546 U.S. at 192. Furthermore, Bernadeu's contention that

3

the Supreme Court applied these cases to Florida's post-conviction scheme in Lawrence v. Florida, 549 U.S. 327 (2007), is without merit because there, the Court merely held that a post-conviction application is not pending following the final judgment in the state court even if the petitioner filed a petition for certiorari in the Supreme Court. Id. at 329. Therefore, Moore remains binding on this Court.

Because Bernadeu's federal petition for habeas corpus was not filed until after the expiration of the § 2244 statute of limitations, it was time-barred unless equitable tolling is applicable. However, Bernadeu took no action to learn the status of his state court case for more than seven months, during which time the statute of limitations expired. The district court thus did not err in finding that Bernadeu did not act diligently during this delay. See Drew, 297 F.3d at 1286-87. Accordingly, we affirm.

**AFFIRMED.**