**Ellis Louis MASHBURN, Jr.,**
**Petitioner-Appellant,**

v.

**COMMISSIONER, ALABAMA DE-**
**PARTMENT OF CORRECTIONS,**
**Respondent-Appellee.**

No. 15-11408

United States Court of Appeals,
Eleventh Circuit.

(October 26, 2017)

Richard C. Keller, Megan Perkins Stephens, Burr & Forman, LLP, Birmingham, AL, Andrew Reed Childers, Randall S. Susskind, Equal Justice Initiative of Alabama, Montgomery, AL, for Petitioner-Appellant

Richard Dearman Anderson, Alabama Attorney General's Office, Montgomery, AL, for Respondent-Appellee

Before HULL, JORDAN and JULIE CARNES, Circuit Judges.

JULIE CARNES, Circuit Judge:

Petitioner Ellis Mashburn, an Alabama state death row prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as time-barred. Mashburn argues that his habeas petition was timely as a result of both statutory and equitable tolling. We agree that equitable tolling applies under the particular circumstances of this case. Accordingly, we **REVERSE** the district court's ruling that Mashburn's § 2254 petition is time-barred and **REMAND** for the district court to rule on the merits of the claims asserted in the petition.

## I. BACKGROUND

### A. State Criminal Conviction

In September, 2006, Mashburn pled guilty to capital murder in connection with the robbery and killing of his grandmother and step-grandfather, Henry and Eva Birmingham. Evidence of Mashburn's guilt was presented to the jury, as required by Alabama Code § 13A-5-42 in death penalty cases. The jury convicted Mashburn, and voted 11-1 to impose the death penalty. The trial court accepted the jury's recommendation and sentenced Mashburn to death.

Mashburn's conviction and sentence were affirmed by the Alabama Court of Criminal Appeals on direct review. *Mashburn v. State*, 7 So.3d 453 (Ala. Crim. App. 2007). The Alabama Supreme Court denied Mashburn's petition for a writ of certiorari on October 24, 2008. *See id.* The conviction and sentence became final when the United States Supreme Court denied certiorari on June 1, 2009. *Mashburn v. Alabama*, 556 U.S. 1270, 129 S.Ct. 2736, 174 L.Ed.2d 250 (2009).

### B. State Post-Conviction Proceedings

On October 21, 2009, Mashburn filed a state petition for post-conviction relief pursuant to Rule 32 of the Alabama Rules of

834

Criminal Procedure.[1] The State moved to dismiss the Rule 32 petition, and Mashburn moved for additional discovery related to the State's arguments for dismissal. On March 3, 2010, the Rule 32 court held a conference with the parties to discuss the pending motions. During the conference, the court instructed the parties that it would not rule on the State's motion to dismiss until it had first ruled on Mashburn's discovery motion. The court further advised the parties that it would set a briefing schedule to allow Mashburn to respond to the State's motion to dismiss before ruling on it.[2]

On March 30, 2010, the State sent a proposed order to the Rule 32 court summarily dismissing Mashburn's petition for the reasons stated in its motion. Contrary to what the court had previously advised the parties, and before ruling on Mashburn's motion for discovery or setting a briefing schedule on the motion to dismiss, the court signed and entered the proposed order dismissing Mashburn's petition on April 1, 2010. Unfortunately, the clerk of court did not serve the dismissal order as required by Alabama law. *See* Ala. R. Crim. P. 34.5 ("Upon the entry of any order in a criminal proceeding made in response to a motion, other than an order made in open court, the clerk shall, without undue delay, furnish all parties a copy thereof by mail or by other appropriate means approved by the judge."). Thus, both Mashburn and the State were unaware that Mashburn's Rule 32 petition had been dismissed on April 1, 2010. Neither party learned about the dismissal until approximately sixteen months later.

The parties agree that under Alabama law, an appeal from the dismissal of a Rule 32 petition must be filed within 42 days of the dismissal order. *See Ex parte Wright*, 860 So.2d 1253, 1254 (Ala. 2002) (noting that Rule 32 proceedings are subject to the 42-day appeal period of Ala. R. App. P. 4(a)(1)). Thus, the appeal period for the dismissal of Mashburn's Rule 32 petition expired on May 13, 2010. *See id.* Not surprisingly, because Mashburn was not notified of the dismissal order when it was issued or at any time during the following 42 days, he did not file a timely appeal of the dismissal order.

On August 23, 2011, counsel for the State inquired about the status of Mashburn's Rule 32 petition and learned that the petition had been dismissed on April 1, 2010. The State's counsel immediately informed Mashburn's attorney about the dismissal, and he advised Mashburn's attorney that he would not oppose a petition seeking an out-of-time appeal of that order pursuant to Rule 32.1(f) of the Alabama Rules of Criminal Procedure. Rule 32.1(f) provides for an out-of-time appeal when the failure to timely appeal the dismissal of a Rule 32 petition was "without fault on the petitioner's part." Ala. R. Crim. P. 32.1(f). A petition for an out-of-time appeal under Rule 32.1(f) must be filed within six months of discovering the dismissal. *See* Ala. R. Crim. P. 32.2(c) ("[T]he time for filing a petition under rule 32.1(f) to seek an out-of-time appeal from the dismissal ... of a petition previously filed under any provision of Rule 32.1 shall be six (6) months from the date the petitioner discovers the dismissal.").

1. Rule 32 of the Alabama Rules of Criminal Procedure governs available post-conviction remedies under Alabama law.

2. The State disputes this account of the March 3 conference, but the district court accepted it for purposes of its timeliness order and there is no basis in the record to challenge it.

On September 8, 2011, sixteen days after learning about the dismissal of his Rule 32 petition, Mashburn filed a pleading titled "Motion to Set Aside or Vacate the Court's Order Dismissing Petitioner's Rule 32 Motion." The State objected to this pleading, arguing that it should have been styled as a petition for an out-of-time appeal under Rule 32.1(f) rather than as a motion to set aside or vacate the dismissal order. In response to the State's objection, Mashburn filed a new pleading on October 12, 2011 titled "Amended Petition for Relief from Judgment Pursuant to Rule 32.1(f)." Among other relief, the amended Rule 32.1(f) petition sought an out-of-time appeal from the April 1, 2010 dismissal of the Rule 32 petition.

The Rule 32 court held a hearing on Mashburn's Rule 32.1(f) petition on the same day it was filed. The court acknowledged during the hearing that Mashburn had not received notice of the April 1, 2010 dismissal order, and it expressly found that the failure to timely appeal the order was not Mashburn's fault. Based on those findings, the court granted Mashburn's Rule 32.1(f) petition to file an out-of-time appeal.

Mashburn subsequently appealed the dismissal of his Rule 32 petition to the Alabama Court of Criminal Appeals on November 18, 2011. *See Mashburn v. State*, 148 So.3d 1094, 1105 (Ala. Crim. App. 2013). The Court of Criminal Appeals permitted the out-of-time appeal and affirmed the dismissal of Mashburn's Rule 32 petition on the merits on July 12, 2013. *See id.* at 1105–62 The Alabama Supreme Court denied certiorari on the out-of-time appeal on February 21, 2014, concluding Mashburn's state Rule 32 proceedings. *See id.* at 1094.

### C. Federal Habeas Petition

Mashburn filed his § 2254 petition for federal habeas relief on September 26, 2014. The State moved to dismiss the petition as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The district court granted the State's motion to dismiss Mashburn's § 2254 petition as untimely. Mashburn appealed the timeliness ruling, and this Court issued a certificate of appealability as to the following issues: (1) whether Mashburn's petition is timely as a result of statutory tolling under § 2244(d)(2) and (2) whether equitable tolling applies under the circumstances of this case.

## II. DISCUSSION

### A. Standard of Review

We review de novo the district court's determination that Mashburn's § 2254 petition is time-barred. *Dolphy v. Warden, Cent. State Prison*, 823 F.3d 1342, 1344 (11th Cir. 2016). We also review de novo the district court's resolution of underlying questions of law and its application of legal tolling principles to the facts. *Cadet v. Florida Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017). We review the district court's factual findings for clear error. *Id.*

### B. AEDPA's Statute of Limitations and Tolling Principles

AEDPA includes a one-year statute of limitations for filing a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). The limitations period begins to run on the date the petitioner's conviction becomes "final by the conclusion of direct review or the expiration of the

time for seeking such review."[3] *Id.* § 2244(d)(1)(A). It is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." *Id.* § 2244(d)(2). In addition, it is "subject to equitable tolling in appropriate cases." *Holland v. Florida,* 560 U.S. 631, 645, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).

### C. Mashburn's Tolling Arguments

Applying the above legal principles, the AEDPA limitations period for Mashburn's § 2254 petition began running when the Supreme Court denied certiorari in his direct appeal on June 1, 2009. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period ran for 142 days until Mashburn filed his Rule 32 petition on October 21, 2009, at which point 223 days remained on the AEDPA clock. Thereafter, the limitations period was statutorily tolled while Mashburn's Rule 32 petition was "pending." *See id.* § 2244(d)(2).

Ordinarily, the AEDPA clock would have resumed running when Mashburn's Rule 32 appeal period from the April 1, 2010 dismissal order expired on May 13, 2010. Assuming that is the case, the AEDPA limitations period would have expired 223 days later on December 22, 2010, a date that is several years prior to the date when Mashburn filed his § 2254 petition. But Mashburn argues that his compliance with Alabama law in successfully seeking an out-of-time appeal under Rule 32.1(f) restored the pendency of his Rule 32 petition, such that the petition remained pending—for purposes of AEDPA's statutory tolling provision, § 2244(d)(2)—from the date Mashburn filed the petition on October 21, 2009 until the date the Alabama Supreme Court denied certiorari and concluded Mashburn's Rule 32 proceeding, on

February 21, 2014. Alternatively, Mashburn argues that the AEDPA limitations period should be equitably tolled from the date the trial court dismissed his petition (April 1, 2010) until he received permission to file an out-of-time appeal under Rule 32.1(f) (October 12, 2011), at which point statutory tolling under § 2244(d)(2) was again triggered until the out-of-time appeal was concluded on February 21, 2014.

If either statutory or equitable tolling is applied in the way Mashburn proposes, 223 days remained on the AEDPA clock as of February 21, 2014, and Mashburn's § 2254 petition was timely when he filed it 217 days later on September 26, 2014. As explained below, we agree with the district court that Mashburn's statutory tolling argument is precluded by binding circuit precedent, but we conclude that equitable tolling applies under the unique and exceptional circumstances of this case.

### 1. Mashburn's out-of-time appeal did not restore the pendency of his Rule 32 petition for purposes of AEDPA's statutory tolling provision.

The tolling provision at issue here states that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the AEDPA limitations period. 28 U.S.C. § 2244(d)(2). The Supreme Court has held that a state post-conviction petition remains pending for purposes of this provision during the time between a lower court's adverse ruling on the petition and the petitioner's filing of a timely notice of appeal. *See Carey v. Saffold,* 536 U.S. 214, 219–20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). This Court has clarified that, as-

---

**3.** There are three other possible dates for commencement of the limitations period, but none of those dates are applicable here. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

suming the petitioner does not file a notice of appeal, a state post-conviction petition remains pending for purposes of AEDPA's tolling provision during the time in which the petitioner could have filed a timely notice of appeal under state law. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006).

Under *Saffold* and *Cramer*, Mashburn's Rule 32 petition was pending for purposes of AEDPA tolling until the Rule 32 appeal period expired on May 13, 2010. When the appeal period lapsed, Mashburn's Rule 32 petition was no longer pending in the state court, and Mashburn did not file any other state court pleadings sufficient to toll the AEDPA limitations period until September 8, 2011, by which time the limitations period had long since expired. Nevertheless, Mashburn argues that his success in receiving permission to file an out-of-time appeal under Rule 32.1(f) restored the pendency of his Rule 32 petition such that the petition was pending under AEDPA—and the AEDPA limitations period thus statutorily tolled—from the date he filed the Rule 32 petition on October 21, 2009 until the date the Alabama Supreme Court ultimately denied certiorari on February 21, 2014.

Mashburn's statutory tolling argument is foreclosed by this Court's decision in *Moore v. Crosby*, 321 F.3d 1377 (11th Cir. 2003). In *Moore*, the Court considered the precise issue raised by Mashburn's statutory tolling argument: whether a § 2254 petitioner's out-of-time state appeal can retroactively toll an otherwise expired

AEDPA limitations period. *See Moore*, 321 F.3d at 1378–79. Based on the plain language of § 2244(d)(2), the Court held that it cannot. *Id.* at 1381. The Court noted that § 2244(d)(2) "does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application *actually pending* in state court." *Id.* (emphasis added). An out-of-time motion for appeal, the Court observed, is not actually pending until it is filed, and it does not "relate back so as to toll idle periods" of time on the AEDPA clock. *Id.* Thus, the Court reasoned, an out-of-time appeal filed after the AEDPA limitations period has expired "does not operate to revive" it.[4] *Id.*

Mashburn's attempt to distinguish *Moore* is unpersuasive. Admittedly, the argument for statutory tolling was less straightforward in *Moore* than it is in this case. *See Moore*, 321 F.3d at 1378. The petitioner in *Moore* filed two belated state appeals of the denial of his Florida Rule 3.850 petition, the first of which had been denied and the second of which was still pending when the district court dismissed his § 2254 as petition untimely. *Id.* In addition, the belated appeal in *Moore* arguably was necessitated by defense counsel's oversight rather than the state court's failure to serve its dismissal order as in this case. *See id.* But these factual distinctions are immaterial. The general rule announced in *Moore*, which was based on a plain-language interpretation of AEDPA's tolling provision, is equally applicable to the factual scenario presented here. *See id.* at 1381. Moreover, the Court in *Moore* did

---

4. The other circuits that have addressed the issue generally have agreed that a belated or out-of-time appeal of a state post-conviction proceeding cannot revive an expired AEDPA clock. *See Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000) (Easterbrook, J.)("That a request [for appeal] may be resuscitated does not mean that it was 'pending' in the interim."); *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (Jolly, J.) (holding that an application for further appellate review ceases to be "pending" after the appeal period has lapsed); *Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009) (Colloton, J.) ("[A]n application is not 'pending' between the expiration of the time for appeal and the filing of a petition for belated appeal.").

not rely on counsel's alleged fault or oversight as a consideration underlying its reasoning. *See id.*

We are similarly unpersuaded by Mashburn's argument that *Moore* has been abrogated by the Supreme Court's decision in *Jimenez v. Quarterman*, 555 U.S. 113, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009), which dealt with the starting date for AEDPA's limitations period as defined by § 2244(d)(1)(A) (starting the limitations period when the direct appeal period ends) rather than the tolling provision of § 2244(d)(2) (staying the running of the limitations period while post-conviction review is pending). The defendant in *Jimenez* moved in state court for leave to file an out-of-time *direct* appeal, based on the fact that the Texas appellate court had improperly served its order dismissing the defendant's direct appeal to the wrong jail address. *See Jimenez*, 555 U.S. at 116, 129 S.Ct. 681 (emphasis added). The Texas court granted the motion, and the defendant proceeded to exhaust his state remedies by pursuing an out-of-time direct appeal and, subsequently, state habeas relief. *See id.* At the conclusion of his state post-conviction proceeding, the defendant filed a § 2254 petition, the timeliness of which depended on a finding that the AEDPA statute of limitations began to run when the defendant's out-of-time direct appeal, rather than his initially dismissed direct appeal, became final. *See id.* at 116–17, 129 S.Ct. 681. The Court held that the petition was timely, explaining that § 2254(d)(1)(A), by its terms, points to the date on which the entirety of the state direct appellate review process is completed as the starting date for the AEDPA limitations period. *Id.* at 119, 129 S.Ct. 681. According to the Court, the starting date must therefore "reflect the conclusion of [a defendant's] out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." *Id.* at 121, 129 S.Ct. 681.

Given that *Jimenez* involved a different provision of AEDPA's statute of limitations, there is no basis for concluding that it abrogated *Moore*. *Moore* was based on a plain-language interpretation of the term "pending" as used in AEDPA's tolling provision, § 2244(d)(2). *See Moore*, 321 F.3d at 1381. *Jimenez* did not consider the meaning of the term "pending" or otherwise address the tolling provision of § 2244(d)(2). Moreover, the *Jimenez* Court expressly characterized its holding as a "narrow" one, namely:

> [W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A).

*Jimenez*, 555 U.S. at 121, 129 S.Ct. 681. Mashburn's case does not involve an out-of-time direct appeal or otherwise implicate § 2254(d)(1)(A).

Nor is *Moore* inconsistent with *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), as Mashburn suggests. As indicated above, the Supreme Court held in *Saffold* that a state post-conviction petition remains pending during the time between a lower state court's adverse decision and the filing of a timely notice of appeal to a higher state court. *See Saffold*, 536 U.S. at 220, 122 S.Ct. 2134. The *Saffold* Court explained that "an application is pending as long as the *ordinary* state collateral review process is 'in continuance.'" *Id.* at 219–20, 122 S.Ct. 2134 (emphasis added). *Saffold* was decided before, and is entirely consistent with, *Moore*. Read together, the two cases establish that (1) a state post-conviction proceeding remains pending, and thus tolls the AEDPA limitations period, until a decision on the petition

is appealed or the ordinary time for appeal expires, but (2) when the appeal period expires, the limitations period resumes running, and it is not retroactively tolled by a belated appeal.

Finally, we reject Mashburn's argument that this Court's silence on the timeliness issue in *Loggins v. Thomas*, 654 F.3d 1204 (11th Cir. 2011) implies that a belated appeal can retroactively toll the AEDPA limitations period, in spite of our precedent in *Moore*. The parties did not raise a timeliness issue in *Loggins*, and this Court did not, nor was it required to, discuss or make any rulings on the issue.[5] *See Day v. McDonough*, 547 U.S. 198, 205, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) ("A statute of limitations defense . . . is not jurisdictional, hence courts are under no *obligation* to raise the time bar *sua sponte*." (emphasis in original) (internal quotation marks omitted)). Thus, nothing should be assumed from the Court's silence in *Loggins* as to timeliness.

In short, Mashburn has failed to either distinguish *Moore* in any material way or show that *Moore* has been abrogated by the Supreme Court or abandoned by this Court. Applying *Moore*, Mashburn's Rule 32 petition was no longer pending for purposes of AEDPA's statutory tolling provision as of May 13, 2010. Mashburn's subsequent out-of-time appeal under Rule 32.1(f) tolled the AEDPA limitations period during the time in which it was pending, but the out-of-time appeal did not restore the pendency of Mashburn's initial Rule 32 petition or otherwise revive the already-expired AEDPA limitations period.

## 2. Equitable tolling is warranted under the circumstances.

■ Nevertheless, we hold that equitable tolling is appropriate under the particular facts of this case, and that Mashburn's § 2254 petition is timely when equitable tolling is properly applied. Equitable tolling is "an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Thomas v. Att'y Gen., Florida*, 795 F.3d 1286, 1291 (11th Cir. 2015) (internal quotation marks omitted). It is available to a defendant who can show that (1) he pursued his rights diligently but (2) some "extraordinary circumstance" prevented his timely filing of a § 2254 petition. *Id.*

The State does not dispute that Mashburn meets the extraordinary circumstances requirement. This Court has recognized that a "lengthy delay between the issuance of a necessary order and an inmate's receipt of it" can constitute an extraordinary circumstance that warrants equitable tolling "if the delay prevented the inmate from filing a timely federal habeas corpus petition." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1288 (11th Cir. 2002), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). There is no question that such a delay occurred here. On October 21, 2009, with 223 days remaining on the AEDPA clock, Mashburn filed a Rule 32 petition for post-conviction relief. On April 1, 2010, the Rule 32 court summarily dismissed Mashburn's petition. Yet, because the clerk of court failed to

---

5. In fact, it is unclear whether *Loggins* presented a timeliness issue because the defendant in *Loggins* filed his § 2254 petition within one year of being resentenced from death to life without parole pursuant to *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), which held it unconstitutional to execute a defendant who was under the age of eighteen when he committed his crimes. *See Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007)("AEDPA's statute of limitations begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction and the sentence the petitioner is serving, is final.").

serve or otherwise notify Mashburn of its dismissal order, the 42-day appeal period expired on May 13, 2010. before Mashburn even knew his Rule 32 petition had been dismissed. When the appeal period expired, the AEDPA clock resumed running and likewise expired, again before Mashburn even realized his Rule 32 petition had been dismissed.

Although it is a closer question, we also conclude that Mashburn exercised sufficient diligence under the circumstances to invoke equitable tolling. As a condition to pursuing federal habeas relief under AEDPA, a petitioner must "invoke one complete round of the State's established appellate review process." *Saffold*, 536 U.S. at 220, 122 S.Ct. 2134. Mashburn attempted to fulfill that condition—and to preserve his federal habeas rights—by filing a timely Rule 32 petition in state court on October 21, 2009, with 223 days remaining on the AEDPA clock. Mashburn reasonably expected the AEDPA clock to be tolled as long as his Rule 32 petition was pending. *See* 28 U.S.C. § 2244(d)(2). But unbeknownst to Mashburn and without any notice to him, the Rule 32 court dismissed his petition on April 1, 2010, triggering the resumption of the AEDPA clock on May 13, 2010. Because the clerk of court failed to serve the dismissal order, neither Mashburn nor the State was aware that the Rule 32 petition had been dismissed, and thus neither became aware that the AEDPA clock had started running again until sixteen months later.

The State argues that Mashburn could have learned about the dismissal of his Rule 32 petition sooner if he had made the proper inquiries, and it suggests that his failure to do so indicates a lack of diligence. Under the unusual circumstances of this case, we believe Mashburn acted with reasonable diligence. *See Holland*, 560 U.S. at 653, 130 S.Ct. 2549 (noting that the diligence required to invoke equitable tolling is not "maximum feasible diligence" but rather "reasonable diligence" (internal quotation marks omitted)). The Rule 32 court had assured Mashburn, in a conference held on March 3, 2010 to discuss the pending motions in the case, that the court would not rule on the State's motion to dismiss until it had first (1) ruled on Mashburn's pending discovery motion and (2) set a briefing schedule permitting Mashburn to respond to the State's arguments in favor of dismissal. Mashburn had no reason to suspect the court would, contrary to its representations, summarily dismiss his Rule 32 petition without ruling on the outstanding discovery motion, setting a briefing schedule, or otherwise giving Mashburn an opportunity to even respond to the State's dismissal arguments.[6] The failure of service compounded the problem: Mashburn understandably assumed that dismissal of his Rule 32 petition would not occur without notice to him, as required by Alabama law. *See* Ala. R. Crim. P. 34.5.

As soon as he became aware of the dismissal, Mashburn acted quickly to seek an *out-of-time* appeal pursuant to Rule 32.1(f). Although a petitioner has six months from when he learns about the dismissal of his Rule 32 petition to seek an out-of-time appeal under Rule 32.1(f), Mashburn filed his first motion to set aside the dismissal on September 8, 2011, only sixteen days after he was advised of the dismissal order. In response to the State's objection that the September 8 pleading was improperly styled, Mashburn filed a new pleading on October 12, 2011 seeking relief from the dismissal pursuant to Rule

---

**6.** Apparently the State also felt no need to inquire about the status of Mashburn's Rule 32 petition, as evidenced by the fact that it waited for seventeen months after the status conference with the court to ask about the progress of the case.

32.1(f). Following a hearing, the trial court acknowledged that Mashburn had not received notice of its April 1, 2010 dismissal order and it expressly determined that Mashburn's failure to timely appeal the order was not due to any fault of Mashburn or his counsel.

This Court has found that the diligence requirement was met, and that equitable tolling was warranted, under similar circumstances. *See Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). Although he had been assured by the court clerk, when he inquired about the case, that he would be notified as soon as an order was entered, the defendant in *Knight* received no notice of the denial of his state post-conviction petition. *Id.* at 710. When the defendant inquired again sixteen months later, the clerk told him the petition had been denied several months before. *Id.* Unbeknownst to the defendant, the denial had triggered the commencement of his AEDPA clock and the AEDPA limitations period had expired before he discovered that his state petition had been denied. *Id.* This Court determined that the defendant had exercised sufficient diligence to warrant equitable tolling although he had waited sixteen months to inquire about his case, stating: "It is understandable that [the defendant] did not make any inquiries [for sixteen months] because the Georgia Supreme Court clerk had assured him that he would be notified as soon as a decision was made." *Id.* at 711. *See also Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) (finding equitable tolling appropriate where the petitioner's untimely filing was the result of the state court's misleading instructions).

The same reasoning applies here. Given the Rule 32 court's representations at the March 3 conference, and the fact that Mashburn received no notice of the dismissal order in spite of state law requiring service of such orders, Mashburn acted with reasonable diligence to preserve his right to assert his federal habeas claims pursuant to § 2254. Accordingly, Mashburn has shown sufficient diligence to warrant equitable tolling.

■ Finally, we reject the State's argument that Mashburn's § 2254 petition is untimely even after the application of equitable tolling. In support of this argument, the State contends that equitable tolling can only apply until a petitioner receives notice of an adverse order, which in this case occurred on August 23, 2011. Under the State's theory, when Mashburn's counsel became aware of the dismissal order on August 23, 2011, the AEDPA limitations period resumed running. and it ran for sixteen days between August 23, 2011 and September 8, 2011, the date on which Mashburn filed his first pleading seeking an out-of-time appeal. Thus, according to the State, only 207 days remained on the AEDPA clock as of September 8, 2011. Assuming the limitations period was then statutorily tolled pursuant to § 2244(d)(2) while Mashburn's out-of-time appeal was pending and until the conclusion of his Rule 32 proceeding on February 21, 2014, the State argues that his § 2254 petition was due on September 16, 2014 and that his filing on September 26, 2014 was several days late.

Contrary to the State's argument, there is no bright-line rule requiring that, in every case, equitable tolling must end on the precise date the petitioner receives notice of an adverse order. *See Holland*, 560 U.S. at 651, 130 S.Ct. 2549 (emphasizing "equity's resistance to rigid rules"); *Spottsville*, 476 F.3d at 1245 (noting that equitable tolling "requires the examination of the facts in each case" (internal citation marks omitted)). In support of its assertion that equitable tolling ends immediately as soon as the petitioner is aware of an

adverse order, the State cites this Court's statement that the defendant in *Knight* "was entitled to have the time limitations of AEDPA equitably tolled until the date that he received notice that the state court had denied relief." *See Knight*, 292 F.3d at 711. That rule made sense in *Knight*, because the adverse order at issue there finally concluded the defendant's state post-conviction proceedings and fully exhausted his state remedies, such that the defendant was immediately in a position to file a federal habeas petition as soon as he received notice of the adverse order. *See id.*

In this case, Mashburn was not immediately in a position to file a federal habeas petition on the date he received notice of the dismissal of his Rule 32 petition. Rather, Mashburn had to complete two additional levels of state appellate review in order to fully exhaust his state remedies. Once he was notified of the dismissal on August 23, 2011, Mashburn worked expeditiously to complete the required additional levels of review. Although Alabama law gave Mashburn six months from the date he learned about the dismissal to file an out-of-time appeal, Mashburn submitted a motion to set aside the dismissal order on September 8, 2011, sixteen days after he received notice of the dismissal, and a revised motion for an out-of-time appeal under Rule 32.1(f) shortly thereafter on October 12, 2011, in response to the State's objection that the September 8 pleading was not styled properly. Given the necessity of completing an out-of-time appeal under Rule 32.1(f) in order to exhaust his state remedies, we hold that equitable tolling encompasses the brief period of time

required for Mashburn to prepare and file the pleadings needed to successfully secure such an appeal.[7]

The State does not dispute that statutory tolling applies from the date Mashburn filed his Rule 32 petition on October 9, 2009 until the Rule 32 appeal period expired on May 13, 2010, and that statutory tolling applies while Mashburn's out-of-time appeal formally was pending between October 12, 2011 and February 21, 2014. We hold that equitable tolling applies from the date the Rule 32 appeal period expired on May 13, 2010 until Mashburn filed a pleading successfully seeking an out-of-time appeal under Rule 32.1(f) on October 12, 2011. Based on those dates, Mashburn had 223 days remaining on his AEDPA clock when his rule 32 proceeding concluded on February 21, 2014, and his § 2254 petition was thus timely when filed 217 days later on September 26, 2014.

## III. CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's order dismissing Mashburn's § 2254 petition as time-barred and **REMAND** for a consideration of the claims asserted in the petition on the merits.

---

7. We need not—and do not—decide whether equitable tolling would have covered the full six months provided by Alabama law to file an out-of-time appeal under Rule 32.1(f), but we note that equitable tolling "asks whether federal courts may excuse a petitioner's failure to comply with *federal* timing rules." *Holland*, 560 U.S. at 650, 130 S.Ct. 2549 (emphasis in original). Thus, the equitable tolling inquiry generally "does not implicate a state court's interpretation of state law." *Id.*